# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 21-309 |
| STEPHEN KISH | : | |

## GOVERNMENT'S MOTION FOR JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, Sarah L. Grieb, Assistant United States Attorney, Chief, Asset Recovery and Financial Litigation Unit, and Louis D. Lappen, Assistant United States Attorney, respectfully requests entry of a Judgment and Preliminary Order of Forfeiture, and, in support of this motion, the United States represents as follows:

1.      On August 11, 2021, Stephen Kish, was charged by Information with theft from a program receiving federal funds and aiding and abetting, in violation of 18 U.S.C. §§ 666(a)(1)(A) and 2 (Count One); wire fraud, in violation of 18 U.S.C. § 1343 (Count Two); and money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 1957 and 2 (Count Three).

2.      The Information also contained three Notices of Forfeiture. The Notices of Forfeiture alleged that the defendant shall forfeit certain property, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), (a)(3)(A), and 28 U.S.C. § 2461(c), as a result of his violations of 18 U.S.C. §§ 666(a)(1)(A), 1343, and 1957 (Counts One through Three).  The Notices of Forfeiture

- 1 -

also provided notice that, in the event such property cannot be located, the government would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

    3.    On January 10, 2022, the defendant pleaded guilty to Counts One through Three of the Information.

    4.    As a result of his guilty plea, the defendant is required, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a), to forfeit criminally any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such a violation as set forth in Count One, and or any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such violations as set forth in Count Two of the Information.

    5.    Further, as a result of his guilty plea, the defendant is required, pursuant to 18 U.S.C. § 982(a), to forfeit criminally any property, real or personal, involved in the violations charged in Count Three of the Information, and any property traceable to such property.

    6.    Based upon the facts set forth at the defendant's plea hearing, as well as those set forth in the Government's Plea Memorandum, and in the record as a whole, the government avers that the sum of $259,019 in United States currency is subject to forfeiture as a result of the defendant's guilty plea to Counts One and Two of the Information, and that the government has established the requisite nexus between such property and the offenses.  This amount represents the value of proceeds that the defendant obtained as a result of his commission of the violations of theft from an organization receiving public funds, as well as wire fraud, in violation of 18 U.S.C. §§ 666(a)(1)(A) and 1343, as charged in Counts One and Two of the Information. *See Honeycutt v. United States*, 137 S. Ct. 1626 (2017) (a defendant must forfeit the property that he himself acquired from the offense giving rise to the forfeiture); *United States*

*v. Gjeli*, 867 F.3d 418, 426-27 (3d Cir. 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 1963 and 18 U.S.C. § 981(a)(1)(C)); *United States v. Brown*, 694 Fed. App'x 57, 2017 WL 3404979 (3d Cir. Aug. 9, 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 982(a)(2)); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (an *in personam* forfeiture money judgment may be entered against the defendant for the full amount of the criminal proceeds); Fed. R. Crim. P. 32.2(b)(1) (where the government seeks an order of forfeiture for criminal proceeds, the court must determine the amount of money that the defendant will be ordered to pay).

7.      The government, therefore, requests that this Court enter, against the defendant, a forfeiture money judgment in the amount of $259,019.

8.      Due to the defendant's acts or omissions, some of the $259,019 in proceeds are not currently available to the government for forfeiture, and the government is entitled to the forfeiture of substitute assets because one or more of the conditions in 21 U.S.C. § 853(p) have been met.  Based on the facts set forth at the defendant's plea hearing, as well as those set forth in the government's Plea Memorandum and in the record as a whole, the defendant has dissipated or otherwise spent the proceeds, the proceeds cannot be located upon the exercise of due diligence, the proceeds have been transferred to, sold to, or deposited with third parties, and the proceeds have been substantially diminished in value.  Accordingly, pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1)(B), the government is authorized to seek forfeiture of substitute assets of the defendant up to the amount of $259,019.

9.      Based on the facts set forth at the defendant's plea hearing, as well as those set forth in the Government's Plea Memorandum and in the record as a whole, the government avers that the following specific property is subject to forfeiture as a result of the

defendant's guilty plea to the illegal acts alleged in Count Three of the Information, and that the government has established the requisite nexus between such property and such offenses:

      a.    **168,193.93, representing proceeds from the sale of the real property known as 75 Ridge Road, Easton, PA**

as property involved in the offense alleged in Count Three and property traceable to such property (hereinafter referred to as the "Subject Property").

The Government notes for the Court that this property, that is the 168,193.93, representing proceeds from the sale of the real property known as 75 Ridge Road, Easton, PA, was subject to administrative forfeiture proceedings by the Federal Bureau of Investigation.  On April 4, 2022, the Federal Bureau of Investigation finished adjudicating the administrative forfeiture of these funds, by formally issuing a Declaration of Administrative Forfeiture from their Office of Chief Counsel.  As a result, the Government will seek no further action with respect to these funds and will not be asking the Court for judicial forfeiture of this asset. In addition, upon entry of this order of forfeiture, the $168,198.93 in proceeds from the sale of the real property known as 75 Ridge Road, Easton, PA, property that has been administratively forfeited by the Federal Bureau of Investigation, should be applied against the $259,019 money judgment.

10.    Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[a]s soon as practical after a verdict or finding or guilty, or after a plea of guilty or nolo contender is accepted … the court must determine what property is subject to forfeiture under the applicable statute."  Fed. R. Crim. P. 32.2(b)(1)(A).  When the government seeks forfeiture of specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense;" when the government seeks a forfeiture money judgement, "the court must determine the amount of the money that the defendant will be ordered to pay". Id. The Court's

determination may be based on "evidence already in the record … and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). The preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

11.     Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, or if the defendant is represented, upon the defendant's counsel, and on any person known to have an interest in the Subject Property.

12.     The government requests authority to conduct discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

13.     The government requests authority to seize the Subject Property described above, if not already in the government's custody or subject to a restraining order, if necessary to protect the interests of the United States in the property, pursuant to 21 U.S.C. § 853(g).

14.     The government requests authority to undertake publication of the forfeiture order, and notify potential third-party claimants, pursuant to Fed. R. Crim. P. 32.2(b)(3), (b)(6) and (c)(1)(B) and 21 U.S.C. § 853(n)(1).

For the reasons stated above, the government requests that this Court enter the attached Order.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

*/s/ Sarah L. Grieb*
SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and Financial Litigation

*/s/ Louis D. Lappen*
LOUIS D. LAPPEN
Assistant United States Attorney

Date:   September 16, 2022

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :

           **v.**           :      **CRIMINAL NO. 21-309**

STEPHEN KISH         :

## <u>ORDER OF FORFEITURE</u>

IT IS HEREBY ORDERED THAT:

1.      As a result of defendant Stephen Kish's guilty plea as to Counts One and Two of the Information, charging him with theft from a program receiving federal funds and aiding and abetting, in violation of 18 U.S.C. §§ 666(a)(1)(A) and 2 (Count One); wire fraud, in violation of 18 U.S.C. § 1343 (Count Two), the defendant is required to forfeit criminally any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such a violation; and or any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such violations, as a result of his violations, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(3)(A).

2.      All property, and or gross proceeds that constitutes or are derived from proceeds the defendant obtained directly or indirectly as a result of his violations of 18 U.S.C. §§ 666(a)(1)(A), 1343, is forfeited to the United States.

3.      The sum of $259,019 represents the value of property which constitutes or is derived from proceeds the defendant obtained directly or indirectly as a result of the offenses charged in Counts One and Two of the Information.

4.      The defendant shall forfeit to the United States $259,019 in proceeds that he obtained as a result of his violations of 18 U.S.C. §§ 666(a)(1)(A), 1343, as charged in Counts

One and Two of the Information, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(3)(A), 28 U.S.C. § 2461(C), and Fed. R. Crim. P. 32.2(b)(2).

5.      A money judgment in the amount of $259,019 is hereby entered against the defendant.

6.      Pursuant to 21 U.S.C. § 853(p), due to the defendant's acts or omissions, some of these proceeds are not currently available because the defendant has dissipated or otherwise spent some of the proceeds that he obtained, the United States cannot locate the proceeds upon the exercise of due diligence, the proceeds have been transferred to, sold to, or deposited with third parties, and the proceeds have been substantially diminished in value. Therefore, the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment.  The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

7.      Upon entry of this order of forfeiture, the $168,198.93 in proceeds from the sale of the real property known as 75 Ridge Road, Easton, PA, property that has been administratively forfeited by the Federal Bureau of Investigation, shall be applied against the $259,019 money judgment.

8.      The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

9.      Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to his sentencing and shall be made part

of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d

Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

10.     Upon entry of this Order or any amendment thereto that is entered

pursuant to Fed. R. Crim. P. 32.2(e), the Attorney General or a designee is authorized to seize

any specific property subject to forfeiture that is identified in this Order or subsequent

amendment, pursuant to Fed. R. Crim. P. 32.2(b)(3).

11.     Upon entry of this Order, the Attorney General or a designee, pursuant to

Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to

identify, locate, and dispose of property subject to this Order and to address any third-party

claims, including depositions, interrogatories, requests for production of documents, and

subpoenas pursuant to Fed. R. Civ. P. 45.

12.     The Court shall retain jurisdiction to enforce this Order, and to amend it as

necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13.     The Clerk of the United States District Court for the Eastern District of

Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the

Federal Bureau of Investigation ("FBI"), United States Marshals Service

("USMS"), and to counsel for the parties.

ORDERED this ___ day of _____, 2022.


_____
**HONORABLE C. DARNELL JONES, II**
**United States District Court Judge**

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Order of Forfeiture and proposed Forfeiture Order have been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and are available for viewing and downloading from the ECF system, and that a true and correct copy of the motion and proposed order were served upon counsel for the defendant by electronic filing, as follows:

Steve Patrizio, Esquire
1500 John F. Kennedy Boulevard
2 Penn Center Suite 1205
Philadelphia, PA 19102
E-mail: spatrizio@dpesq.com



_____
LOUIS D. LAPPEN
Assistant United States Attorney


Date: September 16, 2022

4