IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 21-309 |
| STEPHEN KISH | : | |

**ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As a result of defendant Stephen Kish's guilty plea as to Counts One and Two of the Information, charging him with theft from a program receiving federal funds and aiding and abetting, in violation of 18 U.S.C. §§ 666(a)(1)(A) and 2 (Count One); wire fraud, in violation of 18 U.S.C. § 1343 (Count Two), the defendant is required to forfeit criminally any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such a violation; and or any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such violations, as a result of his violations, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(3)(A).

2. All property, and or gross proceeds that constitutes or are derived from proceeds the defendant obtained directly or indirectly as a result of his violations of 18 U.S.C. §§ 666(a)(1)(A), 1343, is forfeited to the United States.

3. The sum of $259,019 represents the value of property which constitutes or is derived from proceeds the defendant obtained directly or indirectly as a result of the offenses charged in Counts One and Two of the Information.

4. The defendant shall forfeit to the United States $259,019 in proceeds that he obtained as a result of his violations of 18 U.S.C. §§ 666(a)(1)(A), 1343, as charged in Counts

One and Two of the Information, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(3)(A), 28 U.S.C. § 2461(C), and Fed. R. Crim. P. 32.2(b)(2).

      5.      A money judgment in the amount of $259,019 is hereby entered against the defendant.

      6.      Pursuant to 21 U.S.C. § 853(p), due to the defendant's acts or omissions, some of these proceeds are not currently available because the defendant has dissipated or otherwise spent some of the proceeds that he obtained, the United States cannot locate the proceeds upon the exercise of due diligence, the proceeds have been transferred to, sold to, or deposited with third parties, and the proceeds have been substantially diminished in value. Therefore, the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment. The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

      7.      Upon entry of this order of forfeiture, the $168,198.93 in proceeds from the sale of the real property known as 75 Ridge Road, Easton, PA, property that has been administratively forfeited by the Federal Bureau of Investigation, shall be applied against the $259,019 money judgment.

      8.      The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

      9.      Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to his sentencing and shall be made part

of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

10. Upon entry of this Order or any amendment thereto that is entered pursuant to Fed. R. Crim. P. 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Fed. R. Crim. P. 32.2(b)(3).

11. Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigation ("FBI"), United States Marshals Service ("USMS"), and to counsel for the parties.

ORDERED this 27th day of September, 2022.

/s/ Hon. C. Darnell Jones II
**HONORABLE C. DARNELL JONES, II**
**United States District Court Judge**